Colón, Plaintiff and Appellee, *v*. Schluter & Co., Ltd., Defendants and Appellants.

Appeal from the District Court of San Juan in an Action for Specific Performance.

No. 1982.—Decided August 1, 1919.

Principal and Agent—Purchase and Sale—Burden of Proof.—In an action for the specific performance of a contract of sale of merchandise made by a supposed agent of the vendor the burden is on the plaintiff to prove not only that the sale was made but also the authority of the agent to make it in the name of his principal, or the relationship of principal and agent.

The facts are stated in the opinion.

*Messrs. Francis & de Jesús* for the appellants.

*Mr. Juan B. Huyke* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Emilio Colón brought suit for specific performance of an alleged contract of purchase and sale of 60 tons of fertilizer at $54 per ton, and obtained judgment compelling delivery.

The trial judge found, in substance, that L. P. LeHardy was an agent of the defendant firm for the sale of certain merchandise, including fertilizer; that he offered his wares at certain prices and accepted offers therefor in the name of defendant; that he offered fertilizer to Emilio Colón at $54 per ton, to be delivered in March and April, 1918, at the port of Yabucoa, costs, insurance and freight paid; that Emilio Colón accepted the offer and the same was signed in his name; that Schluter & Company did not deliver the fertilizer; that LeHardy sold for the account of Schluter & Company and that the orders accepted by him were business transactions of the firm; that he fixed prices, quality of the goods and terms of delivery and discount.

Save for an insignificant detail of rebuttal, only two witnesses testified for plaintiff, to wit, LeHardy, the alleged agent of defendant, and Francisco Colón, the son and so-called representative of plaintiff.

LeHardy says that in January, 1917, he was working with Schluter & Company and that his work with said firm con-

sisted in traveling on commission; that he was selling check protectors and fertilizer; that he does not remember exactly whether in January, 1917, he made a deal with Emilio Colón of Yabucoa, but does remember that he made a sale; that he remembers a document exhibited by the attorney for plaintiff and identified by the witness as having been written by him and signed by Emilio Colón.

The document in question reads as follows:

"Order No. 5.—Jan. 31, 1917.—M. Schluter & Co. S. en C.   Ship to Emilio Colón.—At Yabucoa.—When March April.—How ship either line.   Terms 2 per cent cash or 1 yr. 6 per cent.   Salesman.— L. P. LeHardy.   Buyer———60 tons—6 c 54 C I F Yabucoa.— (Signed) Emilio Colón."

In reply to a question by plaintiff as to the nature of the transaction set forth in the document just quoted and over the objection of defendant, this witness explains that the same is a copy of a sale made of 60 tons of fertilizer, bearing the number 5 and the date of January 31; that according to the contract the fertilizer sold by witness was to be delivered in March or April; that a letter exhibited by counsel for defendant dated May 31, 1917, was written and signed by witness; that another letter of February 2, 1917, transcribed in that of May 31, was written by the witness to Paco Colón, son of Emilio, in regard to the transaction involved herein; that witness wrote to Paco Colón instead of to Emilio because it was Paco who made the deal; that the business was done with the house of Colón, but witness understood that Paco was a partner in the firm.

In the letter of May 31, 1917, in reply to a letter of inquiry from Schluter & Company with regard to the transaction with Francisco Colón, witness stated that on January 31, 1917, he took an order, subject to acceptance by Schluter & Company, for 60 tons of fertilizer at $54 per ton, the said fertilizer being for Francisco Colón, but that witness on his return to San Juan learned that the price of fertilizer was

$60 per ton, and thereupon, on February 2, 1917, witness wrote the letter (transcribed in that of May 31) addressed to Francisco Colón, in which witness stated that, having returned to San Juan and having learned that the price of fertilizer was $60 per ton, witness was willing to sacrifice his commission and to deliver the fertilizer in Yabucoa at the rate of $57 per ton and urged Colón to accept this offer, telling him that at any rate he would make $180 on the deal.

Witness also stated in his letter of May 31 to Schluter & Company that he never made any definite offer of fertilizer to Colón because he could not in any sense have done so, for the reason that he was not informed as to the latest price.

The witness Francisco Colón says that LeHardy visited him in his office as the representative of Schluter & Company for the purpose of selling fertilizer; that as administrator of the agricultural lands of Emilio Escalera witness entered into a deal with LeHardy for 60 tons of fertilizer; that the signature that appears on order No. 5 is the signature used by witness as the representative of Emilio Colón; that the fertilizer which was to have been delivered a few months after the transaction, during March or April, had not been delivered.

The burden was on the plaintiff to establish the relationship of principal and agent. Nowhere does LeHardy touch upon the character of his connection, or the terms and conditions of his understanding with Schluter & Company, although if it were true that he was their duly authorized agent for the consummation as well as negotiation of sales, it would have been an easy matter for plaintiff to establish that fact. Most of his testimony is manifestly an erroneous interpretation of the order signed by Francisco Colón, who assumed to act for his father. Beyond such assumption of agency there is little or no evidence of authority even on the part of the son. Neither of these witnesses give any details of the transaction characterized by the trial judge as an offer and acceptance, and the testimony of both, as

well as the whole action, seems to proceed on the theory that the order itself was a consummated bilateral contract simply because it did not expressly provide that it was subject to confirmation. But, even if this were true, it was incumbent on plaintiff to establish not only a consummated sale, but also the authority of the salesman to make such a contract.

Whatever doubt might exist as to whether the evidence adduced by plaintiff might be regarded as making out a *prima facie* case is removed by the full, direct and uncontradicted statements of the witnesses for the defense. This testimony is corroborated by the form and general tenor and effect of the order itself, which shows on its face that Schluter & Company did not hold out LeHardy as an agent clothed with authority to bind them in any way or to do anything more than receive and forward such order. It is also corroborated by the letter from LeHardy dated May 31, 1917. This letter was written when the facts were fresh in the mind of the witness, for whose veracity plaintiff vouches by placing him on the stand. His testimony was given more than a year later, is most vague and indefinite, and in so far as it tends to support the findings of the court below, is directly contradicted by his own previous statement in writing.

Colón professes no personal knowledge of the relationship between LeHardy and his alleged principals, and the testimony of this witness, in so far as it tends to show an agency (this portion thereof not being included in the above outline), is pure hearsay, admitted over the objection of defendant, on the theory that such agency had been established by the previous testimony of LeHardy.

The judgment appealed from must be reversed and the case dismissed.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.